[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION FOR SUMMARYCT Page 416 JUDGMENT #104
This is a strict foreclosure proceeding initiated by the plaintiff, EquiCredit Corporation of Connecticut, against the defendant, Edna Brown, on a mortgage securing a note dated September 24, 1999. Said mortgage was properly recorded by EquiCredit on September 24, 1999, in the Norwalk Records at volume 3792, page 238. The defendant filed an answer on June 5, 2001, admitting the debt, the validity of the mortgage and possession and ownership of the property in question. No special defenses were filed. Presently before this court is the plaintiffs motion for summary judgment filed on August 30, 2001, along with a supporting memorandum and affidavit. The defendant has not filed an opposition memorandum or any counteraffidavit.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "[S]umrnary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Rivera v. Double A Transportation, Inc., 248 Conn. 21,24, 727 A.2d 204 (1999).
In order to make out a prima facie case in a foreclosure action, the plaintiff must "prove by a preponderance of the evidence that it [is] the owner of the note and mortgage and that [the defendant has] defaulted on the note." Webster Bank v. Flanagan, 51 Conn. App. 733, 750-51,725 A.2d 975 (1999). The plaintiff has submitted, with its motion for summary judgment, an affidavit of Brandy Kellam, a foreclosure administrator of the loan asset control department, servicing agent and attorney-in-fact for the plaintiff, averring that the plaintiff owns the note and mortgage and that the defendant is in default on the monthly payments. Further, the defendant, in its answer, has conceded that the loan and mortgage at issue were executed by the plaintiff and defendant on September 24, 1999. The promissory note and mortgage attached to the complaint as well as the affidavit attached to the plaintiffs motion for CT Page 417 summary judgment are sufficient to show ownership and default. The defendant, by contrast, has submitted no affidavit or memorandum to counter the plaintiffs proof of ownership and default. "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552,554, 707 A.2d 15 (1998).
In the present case the plaintiff has provided sufficient evidence that there is no remaining issue of material fact and the defendant has offered no evidence to the contrary. The plaintiff's motion for summary judgment is granted.
HICKEY, J.